### HODDER ET AL. vs. NELDER.

##### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The universal legatee, who after taking possession of the estate, and paying the debts of it, is credited by two thirds of the succession, only loses one third of the debts due to him, or by him paid. The confusion which existed while he represented the whole estate, ceases with the eviction of a part of it.

In the year 1814, and for some years before, the defendant owned jointly with his uncle, Edward Pearse, a plantation and slaves in the parish of Plaquemines; the share of the defendant being considerably greater than that of his uncle, who was indebted to the former for advances to nearly, or quite, the amount of his interest in said property. In August, 1814, Edward Pearse died, leaving the defendant his universal legatee, who accepted the succession without the benefit

of an inventory, and subsequently sold it.   At the time of the death of Edward Pearse his mother existed in England, and the present suit was brought by her legal representatives, to reduce the legacy to the disposable quantum.

There was judgment for the plaintiffs for $633 38, being one-third of the succession; from which the defendant appealed.

*Livermore* and *Grymes* for appellant.

*Hennen* for appellees.

*Mathews, J.* delivered the opinion of the court.

This suit is brought to recover from the defendant the succession of one Edward Pearse, deceased.  The plaintiffs obtained judgment in the court below for $633 38, estimated as one-thirteenth part of said succession;  from which the defendant appealed.

The case has been carelessly argued before this court, and we are consequently left to infer from the record, and points filed, (which are by no means explicit) the matters really in dispute between the parties; the principal of which, we believe, relates to the claims set up by the defendant against the estate of Pearse.   To arrive at any just conclusion on this subject, it is necessary to state some of the leading facts.

Previous to the year 1814, Pearse & Nelder were joint owners of a plantation and slaves, situated in the parish of Plaquemines.   Some time in that year Pearse died, after having made a will, by which he appointed his partner, Nelder, one of his executors, and constituted him his universal legatee—who under this title took possession of the estate, paid its debts, and enjoyed the advantages resulting from it uninterruptedly until 1828, when suit for its recovery was commenced.   The amount of Pearse's succession, according to an estimate of its value at the time of his death, is twelve thousand and four hundred dollars.   As he left a mother living at that period, he could only legally dirpose in

favor of his legatee one third of his estate, say 4100 dollars, eaving a balance of $8234, to be divided amongst the representatives of his mother and forced heir, who died in 1816. Pearse at his decease owed to Nelder $5,268 50; and afterwards the latter, in his capacity of executor and legatee, paid on accouut of the succession $4,989 43, making an aggregate of $10,217 99. This amount he claims as a credit against the *ligitime* about to be recovered by the heirs of Pearse's mother. The whole dispute now remaining to be settled between the parties, relates to the legality of this credit.

The defendant assumed the character of universal legatee, without the benefit of an inventory, and, consequently, made himself personally responsible for the debts of Pearse's estate, which it appears he afterwards paid, as we have already seen, to the amount of $4,949 43. This sum, together with what the testator owed to him, places him on the footing of a creditor of the succession for $10,217 93. Now if the legatee had been permitted to enjoy, as owner under Pearse's will, the whole of the estate of the latter, the confusion of situations as creditor and debtor would still exist, as contended for by the counsel for the plaintiff. But the recovery of two-thirds in favour of the representatives of the mother of the donor, certainly leaves an incumbrance of two-thirds of the debts of the succession, on the portion by them recovered. In other words, Nelder no longer holds the double character of creditor and debtor, in relation to those parts of Pearse's estate. We think the court below erred, in its conclusions on the rules of law relative to confusion, in their application to the present case. As the defendant's title to one-third of the whole succession is maintained, he should lose in this proportion the benefit of the amount due to him as creditor thereof, according to the doctrine of confusion established by law; for as to this part, he remains precisely in the situation he would be, in relation to the whole, had he not been disturbed by the pre-

Eastern District,
June 1831

HODDER ET AL
*vs.*
NELDER

The universal legatee, who after taking possession of the estate, and paying the debts of it, is credited by two thirds of the succession, only loses one third of the debts due to him, or by him paid. The confusion which existed while he represented the whole estate, ceases with the eviction of a part of it.

sent action. The entire succession owes to him $10,217 93; take from this sum one-third, and the balance is $6811 95, and this last sum deducted from $8234, the *legitime* of Mrs. Pearse, leaves $1422 05, to be divided amongst her representatives, in number thirteen, as assumed by the judge *a quo.* The result of this calculation is, that the plaintiff should recover $101 78.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be avoided, reversed, and annulled. And it is further ordered, adjudged, and decreed that the plaintiff and appellee do recover from the defendant and appellant, the sum of one hundred and one dollars and seventy-eight cents, with costs in the court below; the appellee to pay those of this court.